13163

STATE v. FLOYD

(158 S. E., 809)

October, 1930.

Mr. *R. G. Stone*, for appellant.

Mr. *B. D. Carter, Solicitor*, for the State.

June 5, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Albert Floyd, Floyd Darnell, and Mamie Bell were indicted for the murder of Howard Bell, the husband of the last named, by the grand jury of Aiken County. It seems that Darnell and the woman were also charged in the indictment with accessory before the fact and accessory after the fact to the murder, Floyd being named in such counts as the principal in the crime. Floyd and Darnell were tried together. Mamie Bell testified in that case as a witness for the State. In a later trial, she was convicted of accessory after the fact.

In the trial, which we are called upon to review, the presiding Judge directed a verdict of acquittal in favor of Darnell. Albert Floyd was found guilty by the jury without recommendation to mercy, and was sentenced to death by electrocution. From the conviction and sentence, he has

appealed, and presents three exceptions for our consideration.

The appellant, in his first exception, charges error on the part of the presiding Judge in not granting his motion for a continuance. The grounds, as stated by appellant's counsel, were lack of time to prepare the case for trial and the absence of witnesses. The record shows that there was no compliance whatever with the rule of the Court as to the continuance of cases, for the reason that witnesses were not in attendance. No affidavit showing the materiality of the evidence of the witnesses desired to be present, and that proper efforts had been made to secure their attendance, was submitted. In addition, it clearly appears that the Court did all that it could to aid the appellant, even when there had not been due diligence exercised before him or his counsel to secure the attendance of the desired witnesses. Two of the three witnesses, whom the appellant wished to testify in his behalf, were secured and did testify. The third person he desired as a witness did not attend the trial, but there was at no time any showing as to what this person would have testified to had he been present. We cannot assume that the evidence of this person would have been beneficial to the appellant or would have changed the result of his trial in any way, unless there was some showing as to the evidence he would have given. Not only did the presiding Judge do all in his power to give the appellant the benefit of any testimony he might adduce in his behalf, but the Solicitor, in charge of the prosecution, showed the appellant proper consideration. That officer, after appellant's counsel had consented to a trial on Thursday of the first week of the term, voluntarily had the case put down for trial for the succeeding Monday. The granting or refusing of continuances is left largely to the discretion of the trial Judge. See *State v. Francis,* 152 S. C., 17, 149 S. E., 348, 70 A. L. R., 1133, one of the recent cases relating to continuances. After a very careful examination of the record,

we are certainly unable to find any abuse of the discretion allowed to him by the trial Judge in this case. On the contrary, the discretion of the Court was exercised very much in the appellant's favor.

The appellant's second exception relates to the refusal of the presiding Judge to grant his motion for a change of venue. Again, there was absolute failure on the part of the appellant to comply with the law as to changing the place of trial, since no notice of the application was given to the Solicitor and no affidavit, showing that a fair and impartial trial could not be had in Aiken County, was submitted. See Section 34, Volume 1, Code 1922. Only at the last minute, when the appellant was about to face a jury of his country, was any claim made that he could not obtain a fair trial in Aiken County, the proper county for the trial of the cause. The motion for a change of venue, without the preliminary requirements therefor, was based only on the statement of counsel in open Court. Even then, there was no offer to support the motion with any kind of evidence. The presiding Judge had the same opportunity as that given to appellant's counsel to observe the conduct of the audience. He has held the office of Circuit Judge for many years, and, previous to his service on the bench, for a long time he was a Circuit Solicitor. This Court may rest assured that the Judge who presided at the trial of this case would have quickly detected any indications in the courtroom that the appellant could not receive a fair and impartial trial of his case; and if the Judge had thought there was doubt about the matter, he would have inquired further into it. Motions to change the venue rest much within the discretion of the tiral Court, and only when it manifestly appears that there was an erroneous exercise of that discretion will this Court interfere. See *State v. Davis,* 138 S. C., 532, 137 S. E., 139. We are unable to find any merit in the exception under consideration.

The third exception says that the presiding Judge should have granted a new trial because the jury disregarded certain instructions given them in the charge. The language referred to was as follows: "I instruct you gentlemen that the defendant is not on trial for immorality or adultery. He is on trial for murder and that includes the charge of manslaughter."

Counsel for the appellant express the view that the jury did try the appellant for his immoral conduct with the wife of the deceased and failed to give proper consideration to his alleged claim that he slew Bell in defense of his own life. The jury properly considered the circumstances under which the killing took place. The law of self-defense requires the one who pleads it to show that he was without fault in bringing on the difficulty. The jury, in ascertaining the truth as to the crime alleged against the appellant, and his defense to that crime, were clearly right in reaching the conclusion that the appellant, under the circumstances in which the killing occurred, was not without fault in bringing on the difficulty. The instructions of the Court, to which the appellant has referred, contained a clear statement of one of the issues in the cause to be considered by the jury; it was for the benefit of the appellant and we do not see how he may complain thereat.

That great lover of justice and fair play, the late Mr. Chief Justice Watts, for this Court, said in *State v. Bigham,* 133 S. C., 491, 131 S. E., 603, 609: "It is not an open question any longer that in a capital case this Court will take notice of any error apparent on the record affecting the substantial rights of the accused, even though not made a ground of appeal."

That pronouncement was approved in *State v. Hester,* 137 S. C., 145, 134 S. E., 885.

With that humane principle in mind, we have gone beyond the exceptions of the appellant in this case to examine carefully for ourselves the record brought to us of his trial in

the lower Court, for the purpose of ascertaining if in the trial there was any error so prejudicial to any legal right of the appellant as to warrant us in granting him a new trial. We are unable to find such error, or, in fact, error. of any kind. So far as we are able at this distance to see, the appellant had the fair and impartial trial guaranteed to every citizen by the Constitution of this state. The mercy asked in his behalf by counsel, who, without price, have zealously and earnestly pled for him before this Court, is not within our power to grant. We are bound by fixed rules of the law. The record speaks for itself. Let the statement of facts and the synopsis of the testimony of the appellant and the witness, Mamie Bell, be reported. We may add that the testimony of that witness was corroborated in many respects by circumstances developed by other witnesses.

As painful and serious as our duty is, there is nothing left for us to do but to perform it. So the judgment of this Court is that the judgment of the Court of General Sessions of Aiken County be, and the same is, hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER, and BONHAM concur.